O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0333-DOC (JPRx)                                  Date: November 25, 2013

Title: HIBU INC. v. MICHAEL A. LAWRENCE, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS**

Counter-Defendants Hibu Inc., formerly known as Yellowbook Inc. and Yellowbook Sales and Distribution Company, Inc., (collectively, "Counter-Defendants" or "Hibu") move to dismiss (Dkt. 25) the First Amended Counter-Claim (FACC) (Dkt. 22) of F&B Management Services, Inc. ("Counter-Claimant" or "F&B").  After considering the moving, opposition, and replying papers, the Court GRANTS Counter-Defendants' Motion to Dismiss.[1]

**I.     Background**

The facts alleged by Counter-Claimant, F&B, are interpreted in the light most favorable to it and are as follows:

From 2009 to 2012, F&B contracted with Hibu, who agreed to provide commercial advertising to F&B.  FACC ¶ 9.  Without consulting with F&B, Hibu removed F&B's logo from the advertisements, misprinted between 600 and 800 advertisements, and failed to compensate for the misprints.  FACC ¶ 11-12.

---
[1] The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L. R. 7-15.

In addition, between 2009 and 2012, Hibu misled F&B on multiple occasions. FACC ¶ 17. Scott Walker, an authorized sales agent of Hibu, represented to F&B that the publication in which F&B's advertising was to appear received widespread local distribution, was distributed to certain communities, and specially targeted audiences within the local community. FACC ¶ 18. Hibu also made false and misleading statements about statistical data, cost per phone call, price point returns, and historical results of other advertisers in the same industry. FACC ¶ 20. Hibu knew that the statements were not true, and F&B would not have agreed to enter into the contract if it had known that the statements made by Hibu were false. FACC 21.

F&B fully performed the terms of the contract. FACC ¶ 26.

F&B was damaged as a result of the Hibu's conduct. FACC ¶¶ 14, 22, 28, 33, 39. So, F&B filed its FACC on May 20, 2013. (Dkt. 22). Hibu then filed their Motion to Dismiss F&B's FACC on June 3, 2013. (Dkt. 25).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Discussion

Hibu moves to dismiss F&B's FACC on the grounds that F&B fails to allege the requisite factual allegations required by each cause of action. Mot. at 1. Hibu further argues that F&B's two claims are practically the same and are not, in fact, distinct causes of action. *Id.*

#### A. Breach of Contract

F&B alleges that Hibu breached the written contract. FACC ¶¶ 11-12. Hibu argues that F&B has merely recited the elements of the action without sufficiently alleging underlying facts to adequately plead a breach. Mot. at 2. The Court agrees with Hibu.

The elements of a cause of action for breach of contract are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant, and (4) damages. 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, 570*; see also First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001*); Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235, at *29 (N.D. Cal. Jan. 3, 2011). "[I]n order for [a breach of contract] action to be based on an instrument in writing, the writing must express the obligation sued upon." *Miron v. Herbalife Intern., Inc.,* 11 Fed. Appx. 927, 929 (9th Cir. 2001) (citing *Murphy v. Hartford Accident & Indem. Co.,*177 Cal. App. 2d 539 (1960)); *see also Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490 (1986) (holding that a breach of contract claim must fail where no provision of the alleged contract imposed an obligation on the defendant). A dismissal of a breach of contract claim is proper if it fails to allege any provision of the contract which supports the claim. *See Miron*, 11 Fed. Appx. at 929.

The Court finds that F&B does not sufficiently allege which contract terms were breached by Hibu, or how the terms were breached. F&B alleges that Hibu breached the contract by removing F&B's logo from the advertising, misprinting between 600 and 800 advertisements, and failing to distribute the advertisements to the communities in the promised manner. FACC ¶¶ 11-12. But, Hibu

fails to identify any contract provisions that gave rise to these obligations in the first place. In short, Hibu bases its breach of contract action "on an instrument in writing, [but] the writing [does not] express the obligation sued upon." *See Miron*, 11 Fed. Appx. At 929.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for breach of contract WITHOUT PREJUDICE. If F&B chooses to amend the claim, it must identify the contract terms that Hibu allegedly breached. Failure to plead the elements of the cause of action with facts will result in a dismissal with prejudice.

### B. Actual Fraud

F&B alleges that Hibu fraudulently induced F&B to enter into agreements by making representations that Hibu never intended to fulfill. FACC ¶¶ 17-19. Hibu moves to dismiss F&B's fraud claim because F&B's claim fails to allege fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). Mot. at 9. The Court agrees with Hibu.

Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

The Court finds that the FACC does not satisfy the heightened pleading standard for fraud, as required by Rule 9(b). F&B alleges that Scott Walker, an authorized sales agent of Hibu, made fraudulent statements when he represented that the publication in which the advertising was to appear would receive widespread local distribution, was distributed to certain communities, and specially targeted audiences within the local community. FACC ¶¶ 17-19. F&B further alleges that fraudulent statements were made regarding misleading statistical data, cost per phone call, price point returns, and historical results of other advertisers in the same industry. FACC ¶ 20. Although F&B has alleged that the fraudulent statements occurred on multiple occasions between 2009 and 2012, FACC ¶ 17, it has failed to allege specific instances in which the fraud took place. Moreover, F&B has failed to allege where the fraudulent statements took place, how the statements were communicated, and how the statements were fraudulent. Therefore, its pleadings do not adequately set forth the "who, what, when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1106. The allegations "are [not] specific

enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged[.]" *See Semegen*, 780 F.2d at 731.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for actual fraud WITHOUT PREJUDICE.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

Where one party unfairly frustrates another party's right to receive the benefits of a contract, the frustrating party has breached the implied covenant of good faith and fair dealing. *Guz v. Bechtel Nat'l, Inc*., 24 Cal. 4th 317, 326-27 (2000). Therefore, in order for a breach of implied covenant of good faith and fair dealing claim to survive, there must be an underlying contract. *See id.* (noting that the implied covenant of good faith and fair dealing exists in order to prevent parties from unfairly frustrating each other's "right to receive the *benefits of the agreement actually made*"). "The implied covenant of good faith and fair dealing is limited to protecting express terms of the contract, and cannot itself override an express contractual provision." *See Jurin v. Google Inc*., 768 F. Supp. 2d 1064, 1073 (E.D. Cal. 2011). This implied covenant cannot impose any duties or limits on the contracting parties beyond those integrated in the specific terms of the agreement. *See Moreau v. Air France,* 356 F.3d 942, 954 (9th Cir. 2003) (citing *Guz*, 24 Cal.4th 317 (2000)). In order to state a claim, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged. *See Grant v. Aurora Loan Services, Inc*., 736 F. Supp. 2d 1257, 1268 (C.D. Cal. 2010) (citing *Inter-Mark USA, Inc. v. Intuit, Inc*., 2008 WL 552482, at *6 (N.D. Cal. Feb. 27, 2008).

F&B has not alleged a specific contractual obligation that gives rise to a breach of the implied covenant of good faith and fair dealing. F&B refuses to rely on the contracts set forth in Hibu's FAC but, as discussed previously, F&B has failed to set out the contract from which this claim arises. *Supra* III.A. F&B describes the acts and failures to act by Hibu, but does not specify the contractual obligation from which the implied covenant arises. Since "the specific contractual obligation from which [the claim] arose [was not] alleged[,]" F&B's claim for a breach of the implied covenant of good faith and fair dealing cannot survive. *See Grant*, 736 F. Supp. 2d at 1268.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for breach of the implied covenant of good faith and fair dealing WITHOUT PREJUDICE.

### D. Violation of California Business and Professions Code § 17200

F&B alleges that it was damaged as a result of Hibu's violations of the unlawful and fraudulent prongs of the California Business and Professions Code § 17200. Opp'n to Mot. at 11. Hibu moves to dismiss F&B's claims because they are allegations of fraud, and do not meet the corresponding heighted pleading requirements of Rule 9(b). The Court agrees.

California Business and Professions Code, California's Unfair Competition Law ("UCL"), prohibits any unlawful, unfair,[2] or fraudulent business practice. Cal. Bus. & Prof. Code § 17200. An "unlawful business practice," within the meaning of the UCL, is an act or practice committed pursuant to business activity that is at the same time forbidden by law. *See Pinel v. Aurora Loan Services, LLC,* 814 F. Supp. 2d 930, 937 (N.D. Cal. 2011). A "fraudulent business practice" is based on the reasonable consumer standard, which requires the plaintiff to show that members of the public are likely to be deceived. *Id*. at 941.

### 1. The "Unlawful" Prong

The unlawful prong of the UCL proscribes "anything that can be properly called a business practice and that at the same time is forbidden by law." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717-18 (2001) (internal quotations omitted). Practices that are forbidden by law include only statutory violations, and do not include common law violations, such as breach of contract. *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.,* 319 F. Supp. 2d 1059, 1074-1075 (C.D. Cal. 2003).

F&B alleges that Hibu violated § 1572 of the California Civil Code, which defines and specifies acts that constitute "Actual Fraud." Cal. Civ. Code § 1572. F&B also alleges that Hibu violated 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which declares deceptive acts in or affecting commerce to be unlawful. 15 U.S.C. § 45(a)(1). F&B has not alleged any additional facts to support these claims and, therefore, relies on the same facts previously alleged in its second cause of action for actual fraud. FACC ¶¶ 30-34; Opp'n to Mot. at 11. These claims "sound in fraud" and require F&B to allege the fraudulent statements with particularity as required by Rule 9(b). *See Vess,* 317 F.3d at 1103. The same analysis is applied to these claims, and for the same reasons as discussed previously, F&B's claims under the unlawful prong of the UCL fail to plead fraud with the required particularity. *Supra* III.B.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for violation of the UCL under the unlawful prong WITHOUT PREJUDICE.

### 2. The "Fraudulent" Prong

To state a claim under the fraudulent prong of the UCL, a plaintiff must allege that he was exposed to a particular misrepresentation, as well as the specifics of his reliance upon the misrepresentation. *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 924 (N.D. Cal. 2012); *see also Baltazar v. Apple, Inc.*, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011) (noting that UCL claims for fraud are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires the time, place, content of the alleged misrepresentation, identity of the person engaged in the fraud and circumstances indicating falseness). When an element of the plaintiff's claim is that the defendant made misrepresentations, their claim will fail if they cannot allege facts sufficient to establish the

---

[2] An "unfair business practice" under the UCL is one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See Pine,* 814 F. Supp. 2d at 940.

plausibility of any misrepresentation. *Everett v. State Farm General Ins. Co.*, 162 Cal. App. 4th 649 (2008) (finding that plaintiff's claim of fraud must fail because the court found defendant had made no actual misrepresentation).

F&B has not alleged any additional facts to support its UCL claims and, therefore, relies on the same facts alleged in their second cause of action for actual fraud. FACC ¶¶ 30-34; Opp'n to Mot. at 11. The same analysis regarding the requirements for pleading a fraud claim applies to F&B's claim under the fraudulent prong of the UCL. For the same reasons as previously discussed, F&B's claim fails to plead fraud with the required particularity. *Supra* III.B.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for violation of the UCL under the fraudulent prong WITHOUT PREJUDICE.

### E. Violation of California Business and Professions Code § 17500

F&B alleges that Hibu committed acts of false advertising in violation of California Business and Professions Code § 17500. FACC ¶¶ 36-38. Hibu moves to dismiss F&B's false advertising claim because the claim is practically identical to the other causes of action alleging fraud. Mot. at 19. The Court holds that F&B's claim for violation of § 17500 should be dismissed.

California Business & Professions Code § 17500 is a statute that is focused on publicly-disseminated statements. Cal. Bus. & Prof. Code § 17500. It makes unlawful any publicly-disseminated statements that are untrue or misleading that also have the intent to induce the public into entering into any obligation. *Id.* *See also Kanady v. GMAC Mortg., LLC*, 2010 WL 4010289, at *10 (E.D. Cal. Oct. 13, 2010) (dismissing a claim when it "fail[s] to identify a publicly disseminated advertisement that was untrue or misleading").

The Court is not determining whether the acts were fraudulent or deceptive, but is determining whether F&B has sufficiently pled a violation of § 17500. F&B has not alleged any additional facts, but has simply re-alleged the same fraudulent actions that were alleged under previous causes of actions. FACC ¶¶ 35-40. Most importantly, F&B has not pointed to any "*publicly disseminated* advertis[ing] that was untrue or misleading. *See* FACC ¶¶ 35-40; *Kanady* 2010 WL 4010289, at *10 (emphasis added). Rather, it points only to private communications between F&B and Hibu.

Accordingly, the Court GRANTS the Motion, and DISMISSES F&B's claim for violation of the California Business and Professions Code § 17500 WITHOUT PREJUDICE.

### IV. Disposition

For the foregoing reasons, the Court GRANTS Hibu's Motion to Dismiss F&B's claims for: (1) breach of contract; (2) actual fraud; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of California Business and Professions Code Section 17200; and (5) violation of the

California Business and Professions Code Section 17500; and dismisses those claims WITHOUT PREJUDICE.

 F&B may file a Second Amended Counter-Claim, if at all, on or before December 16, 2013. If F&B chooses to amend its claim, failure to plead with the required particularity will result in a dismissal with prejudice.

 The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                          Initials of Deputy Clerk: jcb